**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrio Valdez-Banda, et al., | No. 08-1520-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| LBJ Farms, et al., | |
| Defendants. | |

The court has before it "Plaintiffs' Expedited Motion to Enforce Settlement Agreement and for Entry of Consent Decree" (doc. 65), to which no response has been received, counsel for defendants' "Renewed Motion for Leave to Withdraw as Counsel for Defendants" (doc. 66), "Plaintiffs' Response to Motion to Withdraw as Counsel for Defendants" (doc. 67), and "Plaintiffs' Request for Status Conference" (doc. 68).

Some history is in order. On May 22, 2009, we denied defense counsel's motion to withdraw because it failed to comply with LRCiv 83.3(b)(3) and because an LLC cannot appear in this court without counsel (doc. 44). On July 27, 2009, we denied plaintiffs' motion to amend the scheduling order (doc. 54). Plaintiffs complained that the defendants were delaying the case and we concluded that the remedy for delay was sanctions including default, and not an amendment to the Rule 16 scheduling order.

On September 9, 2009, defense counsel filed a "Notice of Settlement" (doc. 62). Once the parties settle a case, the underlying claims in the case are extinguished by the accord. Any future disputes the parties may have over the transaction would have to be

1  resolved by way of enforcement of the agreement, typically in a separate independent action. As a result of receiving the Notice of Settlement, we entered our order on September 10, 2009, indicating that the case would be dismissed with prejudice unless the parties filed their own stipulation to dismiss by October 10, 2009 (doc. 63). Instead of the stipulation to dismiss, the court received the above three motions which are now ripe for ruling.

Plaintiffs contend that the parties' settlement agreement was memorialized in a writing, that defendants filed the Notice of Settlement and refused to participate in discovery because the case had settled. Plaintiffs complain that defendants have failed to sign the agreement that they entered into. Defendants have not controverted these assertions. LRCiv 7.2(i). Instead, defense counsel has renewed the motion to withdraw, but has still not complied with LRCiv 83.3(b)(3), which provides that no lawyer shall be permitted to withdraw once a case has been set for trial unless there is the signature of a lawyer stating that the lawyer is advised of the trial date and will be prepared or the signature of the client stating that the client is advised of the trial date and has made suitable arrangements to be prepared. Although the motion refers to some other lawyer, no such lawyer has moved to substitute. Moreover, the LLC defendants cannot appear in this court without a lawyer. Defendants have been on notice of this at least since our order of May 21, 2009 (doc. 44).

It seems plain that defense counsel had the authority to settle this case and did so. The defendants are manipulating not only their lawyer but this court. They have failed to respond to the motion to enforce the settlement agreement and have even failed to respond to counsel's renewed motion to withdraw. They cannot abort our process by their non-participation.

IT IS THEREFORE ORDERED GRANTING "Plaintiffs' Expedited Motion to Enforce Settlement Agreement" (doc. 65) to this extent. The court finds that the settlement agreement attached as Exhibit D to plaintiffs' motion is a valid, binding agreement among the parties to this case. The failure of the defendants to have signed it is no bar to its enforcement. The filing of the Notice of Settlement by the defendants' counsel is sufficient

for their ratification of the agreement. We note that the Notice of Settlement was filed after the plaintiffs had already signed the agreement.

However, the court notes that the parties' agreement would involve the entry of a consent decree such that if the agreement were breached, the court would retain jurisdiction to enforce its provisions. This court does not retain jurisdiction in cases to enforce money judgments. Instead, when a money judgment is entered, the parties must rely upon the usual post-judgment enforcement remedies. Where, as here, the parties have not agreed upon the entry of a money judgment, they will have to rely upon an independent action to enforce the terms of their settlement agreement. Accordingly, "Plaintiffs' Motion for Entry of Consent Decree" is DENIED (doc. 65), but without prejudice to plaintiffs' right to bring an independent action in a court of competent jurisdiction (unless there is diversity, a state court) to enforce the terms of the settlement agreement which we have found to exist in this case.

The claims in this case having been settled pursuant to the terms of the settlement agreement, IT IS ORDERED dismissing this action with prejudice pursuant to the terms of our order of September 10, 2009 (doc. 63). Pursuant to the parties' settlement agreement, each party shall bear its own costs and attorneys fees. This, of course, is without prejudice to the right of the plaintiffs to seek any attorneys fees they may incur in the future in order to enforce the settlement agreement.

This case having been dismissed, the provisions of LRCiv 83.3(b)(3) are no longer operative. There will be no trial. Accordingly, the "Renewed Motion for Leave to Withdraw as Counsel for Defendants" is GRANTED (doc. 66).

IT IS FURTHER ORDERED DENYING "Plaintiffs' Request for Status Conference" on grounds of mootness (doc. 68).

DATED this 29th day of October, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge